**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 22-481 JGB (KKx)** | Date | July 12, 2022 |
|---|---|---|---|
| Title | ***Detra Lashea Jackson v. County of San Bernardino, et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| TANISHA CARRILLO | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order (1) GRANTING Defendants' Motion to Dismiss (Dkt. No. 20); and (2) VACATING the July 18, 2022 Hearing    (IN CHAMBERS)**

Before the Court is Defendants County of San Bernardino and Shannon Dicus's unopposed motion to dismiss. ("Motion," Dkt. No. 30.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7 15. After considering the papers filed in support, the Court **GRANTS** the Motion and **VACATES** the July 18, 2022 hearing.

## I.    BACKGROUND

On March 14, 2022, Plaintiff Detra Lashea Jackson ("Plaintiff" or "Ms. Jackson") filed a complaint against Defendants County of San Bernardino and Shannon Dicus ("Defendants"). ("Complaint," Dkt. No. 1.) The Complaint alleges a single cause of action: familial interference in violation of the Fourteenth Amendment. (Id.)

On June 17, 2022, Defendants moved to dismiss which was noticed for hearing on July 18, 2022. (Motion.) Ms. Jackson failed to file opposition papers by the June 27, 2022 deadline. See L.R. 7-9. To date, she still has not filed an opposition.

## II.    LEGAL STANDARD

Under this Court's Local Rules, the failure to file opposing papers in a timely manner "may be deemed consent to the granting" of a motion to dismiss. L.R. 7-12; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper

ground for dismissal.").  Before dismissing an action for failure to follow a district court's local rules, that court must "weigh several factors:  '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'"  Id. (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  The Court need not weigh these factors explicitly.  See id. at 53–54.

## III.    DISCUSSION

The Court finds that dismissal of the Complaint is appropriate.  Both the Court and the public benefit from the expeditious resolution of this action because further delay will impede judicial efficiency.  Additional delay will also prejudice Defendants, forcing them to spend needless resources on contesting this matter.  Moreover, less drastic sanctions are not realistic: the parties stipulated to extend Defendants' deadline to file a response to the Complaint on two different occasions, April 21, 2022 and May 20, 2022.  (See Dkt. Nos. 16, 18.)  Thus, Ms. Jackson had notice of her obligations in this case and was an active participant at least with regard to extending deadlines.  Accordingly, the Court **GRANTS** the Motion for Ms. Jackson's failure to timely file opposing papers.

## IV.    CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

1.  Defendants' Motion is **GRANTED**.

2.  The Complaint is **DISMISSED**.

3.  The July 18, 2022 hearing is **VACATED**.

4.  The Clerk of the Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**